Battle, J.
 

 Tbe motion made by the defendants in the Superior Court, to dismiss the appeal, was properly over-ruled. It was not necessary that tbe appeal bond should have been signed by tbe plaintiffs at all, and of course it did not invalidate tbe bond, as to tbe other obligors, that they signed as “ Coboon & Mclntosb.” In tbe case of
 
 Woollard
 
 v. Woollard, 8 Ire. Rep. 322, it was held by tbe Court, that where tbe appellant in a suit failed to prosecute it with effect, tbe appellee might “ take a judgment against tbe principal, upon bis liability as a party to tbe suit, and then another and separate judgment against tbe sureties on tbe bond; orbe might take a joint judgment against the principal and. bis sureties on the bond. We are unable to perceive any advantage which tbe appellee could have by taking a joint judgment; and we are
 
 *258
 
 therefore of opinion that an appeal bond executed by the sureties only, would be sufficient to sustain the appeal.
 

 The motion of the plaintiffs for a j udgment against the defendants, Horton and his sureties, on his appearance bond, ought likewise to have been over-ruled. This bond was taken, payable to
 
 “
 
 Cohoon
 
 &
 
 McIntosh,” and the motion for judgment was made in behalf of P. A. R. C. Cohoon and R. H. McIntosh, partners in trade, trading under the firm and style of Cohoon
 
 &
 
 McIntosh, and the judgment was given accordingly. This was, we think, erroneous. In the care of
 
 Smith
 
 v. Shaw, 8 Ire Rep. 233, the Court intimate the opinion that a declaration upon a sci.fa., reciting a bail bond executed in a suit brought and prosecuted to judgment, by John Smith, Joseph P. Smith, and "William G. Smith, trading and acting under the name and style of John Smith & Co., would not be sustained by proof of a bail bond given in a suit brought in the name of Smith
 
 &
 
 Co. If this be so, and we think it is, then the cases of
 
 Williams
 
 v.
 
 Bryan,
 
 11 Ire. Rep. 613, and
 
 Earle
 
 v. Dobson, 1 Jones’ Rep. 515, are directly in point to show that P. A. R. C. Cohoon and R. II. McIntosh, partners in trade, and trading under the firm and style of Cohoon & McIntosh, could not have a judgment upon a bond payable simply to “ Cohoon
 
 &
 
 McIntosh.” These persons are not a corporation, and are not to be recognized in legal proceedings, unless it is stated who they are, and how they claim to be acting under a particular name and style. The judgment is erroneous, and must be reversed.
 

 Per Curiam. Judgment reversed.